**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 89**
Docket No. DA-0752-14-0021-I-1

**Eric S. Powell,**

**Appellant,**

**v.**

**United States Postal Service,**

**Agency.**

December 18, 2014

Duke Holden, Esquire, Oklahoma City, Oklahoma, for the appellant.

Eric B. Fryda, Esquire, Dallas, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which upheld his removal for failure to follow instructions and delay of mail. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite

the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to merge the two charges into one, we AFFIRM the initial decision.

## BACKGROUND

¶2    The appellant held the position of Supervisor, Customer Service, at the Center City Station in Oklahoma City, Oklahoma. Initial Appeal File (IAF), Tab 5 at 29. At that facility, a security service drops off packages from American Precious Metal Exchange (APMEX) Monday through Friday of each week for delivery via registered mail. *See id*. at 44-45. On March 4, 2013, 44 such packages were dropped off, with a total value of nearly $560,000. *See id*. at 35, 41. That evening, at 6:50 p.m., the appellant performed a closeout verification, indicating that his unit was free of all outgoing mail and that all mail was dispatched on time. *See id*. at 35-36 (agency's proposal to remove), 53 (verification report time stamp), 54 (verification report checklist of completed tasks). He then departed for the day sometime between 7:15 p.m. and 7:30 p.m., despite knowing that the 44 APMEX packages had not yet been prepared for dispatch. *Id*. at 44-46 (notes from the appellant's investigative interview). According to the appellant, he assumed that one of the clerks would get the packages onto the last truck. *Id*. at 44, 46-47. However, the packages were not dispatched until the following morning, after being found during a routine sweep of the facility. *Id*. at 35-36.

¶3    The agency removed the appellant based on two charges: (1) failure to follow instructions, and (2) delay of mail. *Id*. at 30-34 (decision letter),

35-40 (proposal letter). The appellant appealed his removal to the Board.[1] IAF, Tab 1. After conducting a hearing, the administrative judge affirmed the removal. IAF, Tab 19, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, PFR File, Tab 3, and the appellant has replied, PFR File, Tab 4.

## ANALYSIS

The agency proved the charge of failure to follow instructions.

¶4    Generally, in an adverse action appeal, the agency must prove its charge by a preponderance of the evidence. 5 U.S.C. § 7701(c)(1)(B). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

¶5    To prove a charge of failure to follow instructions, an agency must establish that the employee: (1) was given proper instructions, and (2) failed to follow the instructions, without regard to whether the failure was intentional or unintentional. *Hamilton v. U.S. Postal Service*, 71 M.S.P.R. 547, 555-56 (1996). Here, the agency's charge implicated the standing instruction to ensure that all outgoing mail received during the day is placed onto the last dispatch truck or otherwise taken to the plant, and complete a closeout verifying the same. *See* IAF, Tab 5 at 30-31, 35-36.

¶6    The local manager at the appellant's facility testified that he had directed the appellant to see that mail is dispatched on the day that it is received. *See* ID at 4-5. In addition, the appellant completed a "Verification of Activity Submission" on the day in question, attesting to the fact that all areas were

---

[1] Among other things, the appellant initially alleged harmful procedural error, "violation of [equal employment opportunity] rights," and prohibited disability discrimination. IAF, Tab 1 at 2. However, he later withdrew those allegations. *See* IAF, Tab 10 at 2.

reviewed, the unit was free of all outgoing mail, and the mail was dispatched on time.  IAF, Tab 5 at 53-54.  Moreover, the agency's evidence includes training materials for a supervisor meeting that the appellant attended in April 2012.  *Id*. at 77 (sign-in sheet for the training session), 78-102 (training materials).  Those materials repeatedly discuss the importance of ensuring that all mail is dispatched daily.  *Id*. at 85, 91-92, 94-95.  It specifies that a designated Executive and Administrative Schedule (EAS) employee must "perform a physical walk-through of the facility to check for outgoing mail . . . prior to the final dispatch."  *Id*. at 92.  "If a collection misses the scheduled transportation, the local manager is responsible for getting the mail to the [appropriate facility]."  *Id*.

¶7    On review, the appellant does not dispute that he was given proper instructions, nor does he dispute that the APMEX mail was inappropriately delayed.  Instead, he argues, as he did below, that the delay was caused by the clerks who generally complete the processing of the APMEX mail.  PFR File, Tab 1 at 4.  According to the appellant, the clerk assigned to that duty was still working when he left for the day on March 4, 2013.  *Id*.  He suggests that all supervisors complete the verification, attesting that the unit is free of all outgoing mail, even if there is still mail to be processed.  *Id*.  However, the arguments are unavailing.

¶8    The appellant's argument, in essence, is that he should not be held responsible for the improprieties of his subordinates.  However, the appellant was not charged with allowing a situation to exist in which his subordinates acted improperly; he was charged with personally taking improper actions.[2]  The appellant has acknowledged seeing that the APMEX mail had yet to be processed

[2] It should be noted that even if the charge brought against the appellant was as he characterized it, the Board has long held that under certain conditions, a supervisor may be held accountable for the misconduct of his subordinates, even without specific knowledge of the misconduct, which is present in the instant case.  *Cf. Miller v. Department of Health & Human Services*, 8 M.S.P.R. 249, 251-53 (1981) (discussing

when there were only minutes left to do so.  *See* ID at 5-6.  Nevertheless, he did not process the APMEX mail himself, direct the clerk to process it, or take any other action to ensure its timely dispatch.  Accordingly, the appellant failed to follow the proper instruction to ensure that all outgoing mail received during the day is placed onto the last dispatch truck or otherwise taken to the plant.

The agency's delay of mail charge is merged with the charge of failure to follow instructions.

¶9        The administrative judge sustained the charge of delay of mail.  ID at 6-7. We find that the charge should be merged with the failure to follow instructions charge, and modify the initial decision accordingly.

¶10       The Board will "merge" charges if they are based on the same conduct and proof of one charge automatically constitutes proof of the other charge.  *Shiflett v. Department of Justice*, 98 M.S.P.R. 289, ¶ 5 (2005).  As discussed above, the failure to follow instructions charge implicated the standing instruction to ensure that all outgoing mail received during the day is placed onto the last dispatch truck or otherwise taken to the plant.  *See* IAF, Tab 5 at 30, 35.  By failing to follow that instruction, the appellant delayed the mail.  *See id*. at 30 (decision letter identifying the appellant's failure to follow instruction as "thereby delaying the mail"), 44-46 (appellant's acknowledgment that the APMEX mail was not dispatched until March 5, 2014).  Accordingly, the delay of mail charge merges into the failure to follow instructions charge, and we need not consider it further, except to say that it is proven by virtue of the failure to follow instructions charge.  *See Jones v. Department of Justice*, 98 M.S.P.R. 86, ¶ 16 (2004); *see also Mann v. Department of Health & Human Services*, 78 M.S.P.R. 1, 6 (1998) (merger of a duplicative charge into another charge does not mean that the merged charge is not sustained).

the standard for holding a supervisor responsible for the improprieties of his or her subordinates).

<u>The administrative judge properly found that the agency established nexus and that removal was reasonable.</u>

¶11        In addition to the requirement that the agency prove its charge against the appellant, the agency must also prove that there is a nexus, i.e., a clear and direct relationship between the articulated grounds for the adverse action and either the appellant's ability to accomplish his duties satisfactorily or some other legitimate government interest.  *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 8 (2010).  Here, the administrative judge found that nexus was established, s*ee* ID at 7, and we agree.[3]  The appellant has not presented any argument to the contrary.

¶12        Next, where all of the agency's charges are sustained, as they are here, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness.  *See Ellis*, 114 M.S.P.R. 407, ¶ 11.  In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised.  *Id*.  The Board will modify or mitigate an agency-imposed penalty only where it finds the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness. *Id*.

¶13        For the first time, on review, the appellant disputes the application of the *Douglas* factors.  PFR File, Tab 1 at 4-5 (referencing *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 304-06 (1981)).  He suggests that the *Douglas* factors were not applied at all.  PFR File, Tab 1 at 4.  Alternatively, he argues that the agency did not properly account for his 15 years of Postal Service

---

[3] The fact that a charge has been merged into another does not mean that the appellant's conduct somehow becomes less serious.  *Shiflett*, 98 M.S.P.R. 289, ¶ 12.

experience, including 8 as a supervisor; his 4 years of service in the Marine Corps, with combat experience; his suffering from post-traumatic stress disorder; and his having never been suspended prior to his removal, but instead given warnings in lieu of suspensions. *Id*. However, the appellant failed to raise any of these arguments below. *See* IAF, Tab 1 at 2, Tab 7 at 1-2.

¶14    The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *see Thurmond v. U.S. Postal Service*, 41 M.S.P.R. 227, 230 n.2 (1989) (declining to consider allegations of mitigating factors in a penalty analysis because they were presented for the first time in a petition for review). Because the appellant made no such showing, we will not consider his arguments regarding the reasonableness of the penalty.

¶15    Below, the administrative judge determined that the penalty of removal was within the tolerable limits of reasonableness, when considering the seriousness of the offense, the appellant's prior service, and the effectiveness of prior discipline. ID at 7-8; *see* IAF, Tab 5 at 55 (April 2013 letter of warning in lieu of a 14-day suspension for violation of agency standards of conduct; failure to properly perform assigned duties; and failure to follow instructions), 71 (June 2012 letter of warning in lieu of a 14-day suspension for negligence and delay of mail), 103 (February 2011 letter of warning in lieu of a 7-day suspension for failure to properly perform assigned duties), 107 (September 2010 letter of warning for failure to properly perform assigned duties); *compare Bonacchi v. U.S. Postal Service*, 40 M.S.P.R. 364, 369-70 (1989) (mitigating a supervisor's removal to a demotion where his misconduct was a single instance of poor judgment, his performance was otherwise satisfactory, he had no prior disciplinary record, and the undeliverable mail he discarded was of de minimis value), *with Alaniz v. U.S. Postal Service*, 100 M.S.P.R. 105, ¶¶ 16, 19, 24 (2005) (finding removal

appropriate for even "relatively minor" misconduct in light of multiple prior "no time off" suspensions).  We discern no reason to disturb those findings because the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions.[4]  *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

## ORDER

This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory

---

[4] The initial decision did contain an error as it described the appellant's prior service as consisting of less than 10 years.  ID at 8.  However, this error was limited to the administrative judge's decision.  The agency properly considered his service as consisting of approximately 14 years of service, with 7 of those being in a supervisory role.  IAF, Tab 5 at 33.  We find that the administrative judge's error does not affect the outcome of this appeal, and is therefore harmless.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.